**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **LANHAM SERVICES, INC.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: PWG-13-3294** |
| **NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY,** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Lanham Services, Inc. has brought this suit against its insurer seeking reimbursement for repairs to a covered property damaged by fire in 2010.  Although the insurer initially had made a partial payment in late 2010, no decision has been rendered on the balance of the costs to restore Plaintiff's property and Plaintiff has brought claims for breach of contract, declaratory judgment, and failure of an insurer to act in good faith under Maryland law. Defendant insurer has moved to dismiss the declaratory judgment claim and the failure to act in good faith claim arguing that Plaintiff has not exhausted its administrative remedies and that, in any event, such a claim is not ripe until the insurer makes a final decision.  Plaintiff responds by arguing, *inter alia*, that the policy at issue is exempt from the exhaustion requirement and that a claim for failure to act in good faith is ripe.  Because I agree with Plaintiff, the motion to dismiss is denied.

## I.    BACKGROUND

This dispute arises out of an insurance claim submitted by Plaintiff Lanham Services, Inc. ("Lanham") to Defendant Nationwide Property and Casualty Insurance Company

("Nationwide") after a fire on March 7, 2010 at a gas station owned by Lanham (the "Property"). Compl. ¶¶ 12–14. The Property was covered by an insurance policy (the "Policy"), effective from September 28, 2009 to September 28, 2010 and covering multiple properties owned by Lanham, all of which also contain gas stations. Compl. ¶¶ 1, 7–8.

Lanham submitted claims for damage to its real and personal property. Compl. ¶ 13. On October 13, 2010, Nationwide sent an adjuster to the property and subsequently on November 8, 2010 issued a payment for $514,838.51 (after accounting for depreciation and Lanham's deductible) for the damage to the property. Compl. ¶ 15–16. Lanham believed a number of the claims were left "open," and the total rebuilding expenses came to $915,413.89, which resulted in Lanham filing supplemental claims. Compl. ¶¶ 16–18. Nationwide's adjuster received the supplemental claims over the course of four years and, to date, Nationwide has not paid or declined the supplemental claims. Compl. ¶ 18. Lanham has discussed the claims with the adjuster on several occasions, and was given various reasons as to why no decision had been reached. Compl. ¶¶ 20–27.

The parties disagree on the nature of the coverage provided by the policy. Although Lanham did not attach the Policy to its complaint, Nationwide has provided it as an exhibit to its Motion to Dismiss. Policy, Def.'s Mem. Ex. A, ECF No. 16-3.[1] The Policy identifies itself as a "Blanket Policy." Policy 14. According to Lanham, the Policy provides $3,408,200 in total coverage for all of Lanham's property. Compl. ¶ 9. The declaration pages of the Policy show that the buildings all are included with the blanket and are listed as "Blanketed – Replacement cost" and "Included" in place of a specific limit. Policy 37, 39. Outside of the building replacement

---

[1] The copy of the Policy attached at Ex. A bears Bates numbers beginning with the prefix "NW." I will omit the prefix when citing to the Policy. As explained *infra* the Policy may be relied upon because it is integral to Lanham's Complaint. *See Johnson v. Balt. City Police Dep't*, No. ELH-12-2519, 2014 WL 1281602, at *13 (D. Md. Mar. 27, 2014).

costs, the declaration pages list additional coverage relevant to Lanham's claims, including coverage for "Business Income" and "Increase Cost of Construction," each with separate limits. *See* Policy 37, 39; Compl. ¶ 30.

In contrast, Nationwide draws attention to the Policy's "Statement of Values" page, which details twenty different buildings and lists each building's "replacement cost." Policy 14. Also included on the "Statement of Values" page, preceding the header "BLANKET BUILDINGS" is the following language:

> The values shown on this Statement of Values reflect the values you have requested or agreed to for each individual item that was included in the Blanket Limit of Insurance shown in the Declarations of your policy.
> By your acceptance of this policy in the payment of the premium due, you are acknowledging that the values shown below are correct to the best of your knowledge and belief.

Policy 14. The replacement values for the two buildings for which the supplemental claims were submitted total $673,100. *Id.*

Lanham filed a three count complaint in this Court alleging (1) breach of contract, (2) a claim for declaratory judgment, and (3) failure of an insurer to act in good faith. Compl. ¶¶ 29–41. Nationwide filed an answer to the breach of contract claim, Answer, ECF No. 15, and has moved to dismiss the remainder of the claims. Def.'s Mot.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "In considering a challenge to the adequacy of a plaintiff's pleading, however, a court may properly consider documents 'attached or incorporated into the complaint,' as well as documents attached to the defendant's motion, 'so long as they are integral to the complaint and authentic.'" *Johnson v. Balt. City Police Dep't*, No. ELH-12-2519, 2014 WL 1281602, at *13 (D. Md. Mar. 27, 2014) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). A document is "integral" if it, "by its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Id.* (citations, quotation marks, and emphasis omitted).

When a defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, on the grounds that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based, . . . the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see Lutfi v. United States*, 527 F. App'x 236, 241, at *4 (4th Cir. 2013); *Fianko v. United States*, No. PWG-12-2025, 2013 WL 3873226, at *4 (D. Md. July 24, 2013).

4

III.    **DISCUSSION**

    **A.  Count II – Declaratory Judgment**

Nationwide has moved to dismiss two of the three counts alleged by Lanham.[2] Def.'s Mem. 1. With respect to Lanham's claim for declaratory judgment, Compl. ¶ 34–37, Nationwide argues that declaratory judgment is inappropriate because it seeks only an award of money damages, and therefore it "is not the most appropriate vehicle for obtaining [monetary] relief." Def.'s Mem. 5.

    Whether declaratory judgment is appropriate is a matter within the court's discretion. *Corsair Special Situations Fund, L.P. v. Engineered Framing Sys., Inc.*, No. PWG-09-1201, 2010 WL 2367390, at *4 (D. Md. June 9, 2010). "But, a district court should rule on a request for declaratory relief 'when declaratory relief "will serve a useful purpose in clarifying and settling the legal relations in issue," and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."'" *Whiting-Turner Contracting Co. v. Liberty Mut. Ins. Co.*, 912 F. Supp. 2d 321, 337 (D. Md. 2012) (quoting *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 594 (4th Cir. 2004)). Nationwide argues that where, as here, only monetary relief is sought, declaratory judgment is inappropriate. Def.'s Mem. 5.

    But Lanham's declaratory judgment claim is not necessarily duplicative of its claim for damages. For example, if Nationwide prevails on Lanham's breach of contract claim, that may not resolve the underlying question of what obligations Nationwide has under the Policy, if any. In such a case, declaratory judgment may serve to resolve these issues without requiring the parties to bring a later action to enforce the Policy.

---

[2] Nationwide has entered an Answer with respect to Count I of the Complaint, which alleges a claim for breach of contract.

Accordingly, Nationwide's motion to dismiss will be DENIED with respect to Lanham's claim for declaratory judgment.

## B.  Count III – Action Against Insurer for Lack of Good Faith

Count III of the Complaint alleges the failure of an insurer to act in good faith pursuant to Cts. & Jud. Proc. § 3-1701. Compl. ¶¶ 38–41. Nationwide moves to dismiss the count arguing (1) that Lanham has not exhausted its administrative remedies, depriving this Court of subject matter jurisdiction, and (2) that its failure to act cannot give rise to a lack of good faith claim under the statute. I will consider these arguments in turn.

### 1.  Exhaustion and Subject Matter Jurisdiction

Nationwide claims that Lanham has failed to exhaust its administrative remedies, warranting a dismissal under Fed. R. Civ. P. 12(b)(1). Def.'s Mem. 6. According to Nationwide, Lanham's claims first should have been brought before the Maryland Insurance Administration ("MIA") before proceeding in this Court, as required by Cts. & Jud. Proc. § 3-1701(c)(1). Def.'s Mem. 6–7. In response, Lanham argues that the policy in question is exempt from the exhaustion requirement because it has a blanket limit in excess of one million dollars. Pl.'s Opp'n 6; *see also* Md. Code. Ann., Cts. & Jud. Proc. § 3-1701(c)(2)(iii) ("Cts. & Jud. Proc.").

The Maryland Insurance Code dictates that an insured may not commence a suit alleging a lack of good faith by an insurer in any court until it obtains a final decision on its claim from the MIA. Cts. & Jud. Proc. § 3-1701(c); Md. Code Ann., Ins. § 27-1001. But if a claim falls into one of three enumerated exemptions, a plaintiff need not exhaust the administrative remedies and this Court would have subject matter jurisdiction. *Bierman v. United Family Farms Ins. Co.*, No. RDB-12-2445, 2013 WL 1897781, at *8 (D. Md. May 6, 2013). Neither party argues that the first two exceptions of § 3-1701(c)(2) apply. Def.'s Mem. 7; Pl.'s Opp'n 6. However, § 3-

1701(c)(2)(iii) creates an exemption for "a claim with respect to which the applicable limit of liability exceeds $1,000,000." Lanham argues that, because they have a blanket insurance policy for multiple buildings and locations with a total limit of $3,408,200, the Policy falls within this exception. *See* Cts. & Jud. Proc. § 3-1701(c)(iii); Pl.'s Opp'n 6. Nationwide contends that the policy's applicable liability limits do not exceed $1,000,000 for two reasons: First, that the policy states the replacement cost for the buildings included in Lanham's insurance claim as approximately $673,100.00, and second, that the statute "describes a limit for a claim, not the total aggregate limit of a policy," thereby making the coverage for all of Lanham's property and buildings not the acceptable measure. *See* Def.'s Mem. 8; Def.'s Reply 4, 6–8.

The Policy is a "blanket policy," a term of art specific to insurance that describes a policy that "covers different types of property at one or more locations and does not specify the valuation of the items protected under the blanket, but allocates an overall limit to the policy, upon which premiums are based." *Monumental Paving & Excavating, Inc. v. Penn. Mfrs.' Ass'n Ins. Co.*, 176 F.3d 794, 798 (4th Cir. 1999). The Policy covers twenty buildings on multiple properties, Pl.'s Opp'n 4; Policy 14, and states:

> The values shown on this Statement of Values reflect the values you have requested or agreed to for each individual item that was included in the Blanket Limit of Insurance shown in the Declarations of your policy.
> By your acceptance of this policy in the payment of the premium due, you are acknowledging that the values shown below are correct to the best of your knowledge and belief.

Def.'s Reply 6 (quoting Policy 14).  Nationwide argues that the "Statement of Values" listed within the policy indicates the limits applicable to each building or property covered by the Policy. Def.'s Reply 6.

However, this argument directly is contradicted by Fourth Circuit precedent. *See Monumental Paving*, 176 F.3d at 798. In *Monumental Paving*, the Fourth Circuit held that "'[t]he

statement of values used in connection with a blanket policy is not a part of the policy but is furnished by an assured . . . for the purpose of arriving at an average rate for a blanket policy.'" *Id.* (quoting *Reliance Ins. Co. v. Orleans Parish Sch. Bd.*, 322 F.2d 803, 806 (5th Cir. 1963)). The language of the Policy leaves no question that it is a blanket policy. It refers to the "Statement of Values" as included in the "Blanket Limit," Policy 14, and the declaration pages for the buildings at issue here describe the coverage as "Building – Blanketed – Replacement cost" with no individual limits listed, Policy 37, 39. Accordingly, the Policy is a blanket policy and the limit on claims under the Policy is $3,408,200, well above one million dollars. To the extent that Nationwide argues that the limit on Lanham's claim for certain buildings is less than the overall coverage limit, that argument is unavailing because, by definition, a blanket policy has but one coverage liability amount for any claim made. *Monumental Paving*, 176 F.3d at 798. Therefore, the Policy falls within the exception provided by § 3-1701(c)(2)(iii), and Lanham was not required to exhaust its administrative remedies before this Court may exercise subject matter jurisdiction. *See Bierman* at *8.

### 2.  *Ripeness of Good Faith claim*

Nationwide also argues that Lanham's lack of good faith claim should be dismissed as premature because Nationwide has not rendered a decision yet. Def.'s Mem. 8–10 (citing Cts. & Jud. Proc. § 3-1701(a), (f)). According to Nationwide, good faith cannot be determined prior to a final decision by the insurer, and in any event, Nationwide argues that delay in rendering a decision cannot be the basis for a lack of good faith claim under the statute. Def.'s Mem. 8–10.

Nationwide argues that the definition of good faith in § 3-1701(a) requires the insurer to have made a decision on the claim as a prerequisite to bringing a claim. Def.'s Mem. 8. The statute defines good faith as "an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known *at the time the insurer made a decision on a*

*claim*." Cts. & Jud. Proc. § 3-1701(a) (emphasis added). According to Nationwide, this definition excludes anything before the insurer makes a decision.

However, the language on which Nationwide relies does not relate to when a lack of good faith claim may be brought, but only to what the court should consider when faced with such a claim. This Court previously has determined that assessing whether an insurer acted in good faith, requires "an evaluation of the insurer's efforts to obtain information related to the loss, accurately and honestly assess this information, and support its conclusion regarding coverage with evidence obtained or reasonably available." *Cecilia Schwaber Trust Two v. Hartford Accident and Indem., Co.*, 636 F. Supp. 2d 481, 487 (D. Md. 2009). This evaluation only insulates an insurer who acted with reasonable diligence when making a reasonable decision *based on the information that was available to it when rendering said decision. See id.*; *see also All Class Constr., LLC v. Mutual Benefit Ins. Co.*, No. JKB-13-3358, 2014 WL 768672, at *7 (D. Md. Feb. 26, 2014) (following the reasoning of *Cecilia Schwaber*). For example, if an insurer denies a claim because it believed the insured was at fault, it will not be held to have lacked good faith if the evidence that the insurer had at the time reasonably supported its decision, even if other information later came to light. *See Cecilia Schwaber*, 636 F. Supp. 2d at 487. However, it does not necessarily preclude finding a lack of good faith where an insurer unreasonably delays a decision when there is no valid reason to do so based on the evidence known at the time.

Nationwide also argues that, in any event, a delay in deciding a claim, without more, does not establish a lack of good faith. Def.'s Mem. 9–10. This argument relies on § 3-1701(f), which provides:

> An insurer may not be found to have failed to act in good faith under this section solely on the basis of delay in determining coverage or the extent of payment to which the insured is entitled if the insurer acted within the time period specified by statute or regulation for investigation of a claim by an insurer.

Nationwide contends that because it has not made a decision on Lanham's insurance claim, it "'may not be found to have failed to act in good faith under this section solely on the basis of delay'" and the claim therefore must be dismissed. Def.'s Mem. 11 (quoting Cts. & Jud. Proc. § 3-1701(f)). However, Nationwide has ignored a crucial portion of the statute: Section 3-1701(f) provides for an insurer to be excused for a delay only if there is an applicable statute or regulation setting a time within which to render a decision. Essentially, this section prevents § 3-1701 from superseding other Maryland statutes and protects an insurer who is complying with statutory or regulatory guidelines. Because Nationwide has not pointed to a statutory time period on which it is relying, § 3-1701(f) simply does not apply here.

Accordingly, I do not see any reason why an insurer's failure to render a decision, in and of itself, should insulate it from a lack of good faith claim under § 3-1701. Nationwide's motion to dismiss will be DENIED with regard to Count III.

## IV.    CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss shall be DENIED.

A separate order shall issue.

Dated: <u>June 18, 2014</u>                    <u>         /S/         </u>

                                        Paul W. Grimm
                                        United States District Judge